UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| NORMAND FOGARTY, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT CARTER JR., et al. <br><br> Defendants. | CAUSE NO. 3:21-CV-200-DRL-MGG |

OPINION AND ORDER

Normand Fogarty, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 2.) Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. The court bears in mind that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted).

According to the complaint, Mr. Fogarty is 57-years-old, has a history of strokes and back fusion surgery, and is confined to a wheelchair. In April 2019, he was transferred to Westville Correctional Facility from another correctional facility. He alleges that while at Westville, he has been excluded from a college program he would otherwise be able to participate in because the program is not accessible to individuals in wheelchairs. He further alleges that for approximately seven hours on August 21, 2019, he was without access to a toilet because the water was shut off in the facility while repairs were being made, and there was a delay in bringing in handicap-accessible portable toilets. He claims this incident caused him discomfort and inconvenience.

He also alleges that during most of his incarceration, he received "medical idle" pay, which is given to inmates who are unable to work. He claims that Dorothy Livers, a nurse at Westville, had his medical idle pay stopped in April 2020 in retaliation for his grievances about medical care he was receiving for a fall. Based on these events, he sues Robert Carter, Jr., the Indiana Department of Correction Commissioner; John Galipeau, the Warden at Westville; Nurse Livers; and John Harvill, the grievance officer at Westville, for allegedly mishandling his grievances about these issues.

Title II of the Americans with Disabilities Act provides that qualified individuals with disabilities may not "be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity." 42 U.S.C. § 12132. "State prisons fall squarely within the statutory definition of 'public entity.'" *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998). State prison officials can be sued under the ADA for declaratory and injunctive relief. *Radaszweski ex rel. Radaszewski v. Maram*, 383 F.3d 599, 606 (7th Cir. 2004). Where an inmate seeks damages, the Seventh Circuit has suggested replacing a prisoner's ADA claim with a parallel claim under the Rehabilitation Act, 29 U.S.C. § 701, given the uncertainty about the availability of damages under Title II. *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 671–72 (7th Cir. 2012). Under the Rehabilitation Act, damages are available against a state that accepts federal assistance for prison operations, as all states do. *Id.* To allege a claim under the Rehabilitation Act, a plaintiff must allege that (1) he is a qualified person (2) with a disability and (3) the defendant denied him access to a program, service, or activity because of his disability. *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015). A claim under the Rehabilitation Act cannot be brought against

individual prison employees, but may be brought against the department head in his or her official capacity. *Jaros*, 684 F.3d at 670 & n.2.

Regarding his participation in the college program, Mr. Fogarty plausibly alleges that he is a qualified person with a disability and that he was excluded from this program solely because he is in a wheelchair. He seeks only money damages, which are not available under the ADA.[1] A claim for damages is available under the Rehabilitation Act, but solely against Commissioner Carter in his official capacity.[2] *Jaros*, 684 F.3d at 670 n.2. He will be permitted to proceed against the Commissioner, but his claims against the other individual defendants for disability discrimination will be dismissed.

As for his allegations about the portable toilet, access to toilets and sinks is protected by the ADA and the Rehabilitation Act. *Jaros*, 684 F.3d at 672. However, Mr. Fogarty does not allege that the bathrooms at Westville are not wheelchair-accessible. Rather, he describes an unusual set of events wherein the regular bathrooms were being repaired and there was a delay of a few hours in providing handicap-accessible portable toilets. This type of short-term inconvenience does not plausibly allege the denial of services or programs within the meaning of the ADA or Rehabilitation Act. *See Waggoner*, 778 F.3d at 593. Nor would the denial of a toilet for a matter of hours trigger Eighth

---

[1] He mentions in his complaint that he would like "[p]rotection from retaliation at the hands of the defendants," but the court does not read this is a request for injunctive relief related to the college program. Nor is there any basis at this stage to assume the defendants will unlawfully retaliate against Mr. Fogarty for filing this lawsuit.

[2] Although the Eleventh Amendment generally bars suits for money damages against a state or state agency, the Seventh Circuit has held that states waived their Eleventh Amendment immunity under the Rehabilitation Act by accepting federal funds. *Stanley v. Litscher*, 213 F.3d 340, 344 (7th Cir. 2000).

Amendment concerns. While this incident may have been unpleasant or uncomfortable for Mr. Fogarty, being denied access to a toilet for a matter of hours does not rise to the level of an Eighth Amendment violation. *Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001) ("extreme deprivations are required to make out a conditions-of-confinement claim"); *Lunsford v. Bennett*, 17 F.3d 1574, 1580 (7th Cir. 1994) ("temporary discomfort . . . hardly violates common notions of decency"). Indeed, free citizens may be without access to a bathroom for a period of hours in a variety of situations. This claim will be dismissed.

Mr. Fogarty's allegation regarding his medical idle pay is best understood as a First Amendment retaliation claim. To establish such a claim, he must allege "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [defendant's] decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citation omitted). Here, Mr. Fogarty alleges that Nurse Livers terminated his medical idle pay because she was angry he had filed grievances about his medical care. Filing a prison grievance is a protected activity for purposes of a First Amendment retaliation claim. *Id.* Furthermore, having one's source of income taken away could "dissuade a reasonable person from engaging in future First Amendment activity." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015). He will be permitted to proceed on a First Amendment retaliation claim against Nurse Livers.

Mr. Fogarty also sues the grievance officer for allegedly mishandling the grievances he filed related to these issues. However, his allegations do not give rise to a

4

constitutional claim.[3] The Constitution does not require that prisons provide a grievance procedure at all, and the existence of an internal complaint procedure does not create any constitutionally guaranteed rights. *Daniel v. Cook Cty.*, 833 F.3d 728, 736 (7th Cir. 2016). Mr. Fogarty does not allege, nor is there any plausible basis to infer, that the grievance officer caused the problem with the toilets or the lack of access to the college program, or that he stood in the way of these issues being resolved by a responsible staff member. "The most one can say is that [he] did nothing, when [he] might have gone beyond the requirements of [his] job and tried to help him." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). This does not state a claim under section 1983. *Id.*

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Commissioner Robert Carter, Jr., in his official capacity for money damages for excluding the plaintiff from a college program because he is confined to a wheelchair in violation of the Rehabilitation Act;

(2) GRANTS the plaintiff leave to proceed against Nurse Dorothy Livers in her individual capacity for money damages for terminating his medical idle pay because of grievances he filed about his medical care in violation of the First Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES John Galipeau and John Harvil as defendants;

(5) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on)

---

[3] Mr. Fogarty alleges that at the time of these events, the prison did not have an ADA coordinator, but it can be discerned from his complaint that there is now an ADA coordinator to whom he can raise concerns about disability-related issues.

Robert Carter, Jr., at the Indiana Department of Correction and to send him a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(6) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dorothy Livers at Wexford of Indiana, LLC, and to send her a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(7) ORDERS the Indiana Department of Correction and Wexford of Indiana, LLC, to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(8) ORDERS Robert Carter, Jr., and Dorothy Livers to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

May 4, 2021                                                *s/ Damon R. Leichty*
                                                          Judge, United States District Court