UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

NORMAND FOGARTY,

    Plaintiff,

v.

ROBERT CARTER JR. *et al.*,

    Defendants.

CAUSE NO. 3:21-CV-200 DRL-MGG

OPINION AND ORDER

Normand Fogarty, a prisoner without a lawyer, is proceeding in this case on one claim "against Commissioner Robert Carter, Jr., in his official capacity for money damages for excluding the plaintiff from a college program because he is confined to a wheelchair in violation of the Rehabilitation Act," and on one claim "against Nurse Dorothy Livers in her individual capacity for money damages for terminating his medical idle pay because of grievances he filed about his medical care in violation of the First Amendment[.]" ECF 12 at 5. Commissioner Carter filed a motion for summary judgment, arguing Mr. Fogarty did not exhaust his administrative remedies before filing this lawsuit. ECF 32. Mr. Fogarty filed a response, and Commissioner Carter filed a reply. ECF 38, 48. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such

that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). A prisoner can be excused from failing to exhaust if the grievance process was effectively unavailable. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of

2

what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

Commissioner Carter argues Mr. Fogarty did not exhaust his administrative remedies because the grievance office has no record of any accepted formal grievance filed by Mr. Fogarty with respect to his claims in this lawsuit. ECF 33 at 9-10. In response, Mr. Fogarty concedes he did not complete the grievance process but argues the grievance office hindered his ability to exhaust his administrative remedies. ECF 38. Specifically, Mr. Fogarty provides a copy of Grievance 233674, in which he complained he was being denied access to a college program due to his confinement in a wheelchair and requested as relief that the program be made available to him. ECF 38-1 at 30. Mr. Fogarty submitted this grievance on June 21, 2019, and it was marked as received by the grievance office on August 1, 2019. *Id.* Mr. Fogarty listed the incident date as May 29, 2019, but he alleged in the grievance that he had made several requests for the college program between April 2019 and June 2019 and was actively being denied admittance. *Id.* Mr. Fogarty also provides a "Return of Grievance" form, which shows the grievance office rejected Grievance 233674 on August 1, 2019, because it was (1) untimely and (2) concerned an issue that was not suitable for the grievance process. *Id.* at 32.

Here, the record shows the grievance office improperly rejected Grievance 233674. First, the grievance office improperly rejected Grievance 233674 as untimely, as the record shows Grievance 233674 complained of an ongoing injury. Specifically, Mr. Fogarty complained in Grievance 233674 that he was actively being denied admittance to the college program and requested as relief that the program be made available to him. *See Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2001) (noting that every day that the defendants had "prolonged [an inmate's] agony by not treating his painful condition marked a fresh infliction of punishment"); *Devbrow v. Kalu*, 705 F.3d 765, 770 (7th Cir. 2013) (holding that, as long as jail officials are aware of the inmate's need for treatment and refuse to act, the refusal continues as long as the officials had the power to act); *Weiss v. Barribeau*, 853 F.3d 873, 874 (7th Cir. 2017) (determining that an examiner had failed to explain why a grievance was untimely where the grievance complained of continuous pain resulting from an injury). Because Mr. Fogarty was actively being denied admittance to the college program at the time he filed Grievance 233674, the grievance was timely submitted.

Second, the grievance office improperly rejected Grievance 233674 as raising a non-grievable issue; even the defendants now concede Grievance 233674 raised a grievable issue. *See* ECF 33 at 8 (stating Mr. Fogarty's complaint he was denied access to a college program due to his disability falls "squarely within the purview of conditions of confinement, which are matters that must be grieved"). Thus, the record shows the grievance office improperly rejected Grievance 233674, which made the grievance

4

process unavailable to Mr. Fogarty. *See Dole*, 438 F.3d at 809 ("a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance").

Commissioner Carter argues Grievance 233674 is "woefully insufficient to demonstrate exhaustion" for several reasons. ECF 33 at 8-9. First, Commissioner Carter argues Grievance 233674 does not indicate whether it was accepted or rejected and lacks any response from the Grievance Specialist. *Id.* at 8. However, Mr. Fogarty has provided evidence the grievance office received and rejected Grievance 233674. ECF 38-1 at 32.

Second, Commissioner Carter argues Grievance 233674 is insufficient because it does not include evidence of an informal grievance. ECF 33 at 8. However, the grievance office did not reject Grievance 233674 because it did not include evidence of an informal grievance. ECF 38-1 at 32.

Third, Commissioner Carter argues Grievance 233674 is facially deficient because it was filed more than ten business days after the listed incident date. ECF 38-1 at 9. However, Grievance 233674 was timely submitted because it complained of an ongoing injury, as discussed above.

Accordingly, the record shows the grievance office made the grievance process unavailable to Mr. Fogarty by improperly rejecting Grievance 233674, and Commissioner Carter has not shown Grievance 233674 was insufficient to demonstrate exhaustion. Thus, Commissioner Carter has not met his burden to show failure to exhaust.

For these reasons, the court DENIES Commissioner Carter's motion for summary judgment (ECF 32).

SO ORDERED.

January 25, 2022                              *s/ Damon R. Leichty*
                                              Judge, United States District Court